**MINUTES [0:30]**
**September 15, 2021**

**ELIZABETH E. FOOTE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| EUMER JOSE ZAMBRANO, ET AL. | CIVIL ACTION NO. 20-367 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| INSURANCE AUTO AUCTIONS CORP. | MAG. JUDGE KAYLA D. MCCLUSKY |

The Court convened a pretrial conference in the above-captioned matter. Patrick Jackson participated on behalf of Plaintiffs. Michael Walshe, Justin Lemaire, and Christopher Forester participated on behalf of Defendant and Third-Party Plaintiff, Insurance Auto Auctions Corporation ("IAA"). Nicholas Bergeron participated on behalf of Third-Party Defendant, Progressive Auto Group, LLC. Michael Schimpf is the law clerk in this matter, and any further questions about these minutes can be directed to him.

The parties informed the Court that they reached a settlement as to all claims in this matter. A 90-day order shall be issued herewith. IAA stated that the only issues not covered by the settlement were the pending motions to seal. Record Documents 71 and 77. The Court took up the motions to seal.

Previously, Plaintiffs and IAA entered into a protective order regarding IAA's internal policies, particularly material related to the Salvage Book. Record Document 30. Honoring the protective order, Plaintiffs requested for its filings containing information from the Salvage Book be sealed or redacted. Specifically, Plaintiffs filed a motion to place Record Documents 63, 63-4, 63-5, 63-6, 63-7, 63-9, 64-4, and 64-6 under seal. Record Document

71. Additionally, Plaintiffs sought to file redacted versions of Record Documents 63 and 64-6. IAA filed a memorandum in support. Record Document 73. IAA filed a motion to seal the same documents in connection to its Motion *in Limine* regarding IAA's internal policies. Record Document 77.

IAA argued that it is in a competitive industry and goes to great lengths to keep its internal policies confidential. IAA equated the Salvage Book to trade secrets because IAA developed these policies and seeks to keep them confidential. The Court noted that the United States Fifth Circuit Court of Appeals has recently cautioned district courts against sealing records even when the parties consent to the sealing. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416–21 (5th Cir. 2021). The Fifth Circuit has stated that district courts "should be ungenerous with their discretion to seal judicial records" because it is a fundamental principle that American judicial proceedings are public. *Id.* at 418. This is particularly true as to judicial records that the parties attach to motions for the Court to consider in deciding the merits. *Id.* at 419. [T]he working presumption is that judicial records should not be sealed." *Id.* (citation omitted). These documents may have an interest to the public, and it is the Court's duty to protect the public interest in access to the proceedings. *See id.* "[T]he court must balance the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Sec. & Exch. Comm'n. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)).

The Court expressed skepticism as to how IAA would be damaged by making these documents part of the public record. The Court stated that much of the information is

common sense safety procedures found in the policies of many companies. Additionally, IAA redacted certain portions of what they disclosed to Plaintiffs. When asked by the Court, IAA was unable to identify any specific provision from the exhibits that warranted protection. Accordingly, after determining that the interests favoring nondisclosure do not outweigh the presumption in favor of public access, the Court **DENIED** the motions to seal [Record Documents 71 and 77].

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE